UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )  No.
        v.                 )
                           )  Judge
EUGENE DAVIS,              )
                           )
            Defendant.     )

## COMPLAINT

The United States of America, by Andrew S. Boutros, United States Attorney for the Northern District of Illinois, brings this action against Eugene Davis for triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* or, in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

### Jurisdiction and Venue

1.      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2.      Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a).

### Parties

3.      The plaintiff is the United States of America on behalf of the United States Railroad Retirement Board (RRB).

4.      Defendant Eugene Davis ("Davis") is a domiciliary of the State of Illinois.

### Factual Background

5.      The Railroad Unemployment Insurance Act (RUIA), as amended (45 U.S.C. § 351 *et seq.*), provides federal benefits for unemployed railroad workers and is administered by the RRB.

6. To qualify for these federal benefits, unemployed railroad workers who meet the income and resource requirements of the program must disclose to the RRB any employment, income, or benefits that might affect the claimant's entitlement to unemployment benefits. Benefits cannot be claimed or paid for any date that the claimant worked, accrued or received compensation from any employer, or received any other unemployment benefits.

7. Davis was employed by Union Pacific Railroad. Davis was furloughed from his position on or about August 23, 2019. Davis's railroad service enabled him to be eligible to collect RRB unemployment insurance benefits and Coronavirus, Aid, Relief and Economic Security (CARES) Act benefits during his period of unemployment.

8. Davis submitted his completed the RRB Form UI-1, "Application for Unemployment Benefits and Employment Service," through the U.S. Postal Service and it was received on or about August 26, 2019, by the RRB Chicago District Office located at 844 North Rush Street, Chicago, Illinois 60611.

9. On the introduction page of the RRB's Online Unemployment Benefit Application the applicant is instructed to read the RRB Booklet UB-10 "Unemployment Benefits for Railroad Employees" before starting the RRB Form UI-1 Application.

10. Davis submitted the Application dated August 26, 2019, through the U.S. Postal Service, which was received on or about August 26, 2019, and he agreed to Section F - Certification, which states: "I certify that the information I have provided on this form is true, correct and complete. I have been given a copy of booklet UB-10 and I have been told to read it. I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or for withholding

information to get benefits. I understand and agree to the requirements set forth in Booklet UB-10."

11.     The RRB Booklet UB-10 stated, in part, "You will be disqualified from receiving railroad unemployment insurance benefits for any day for which you receive unemployment benefits under any other law."

12.     The RRB Booklet UB-10 also states: "You will be disqualified for both unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits.  You may also be subject to fine or imprisonment."

13.     On the RRB's website there is a link to the RRB Booklet UB-10 on the "Unemployment Benefits Application, UI-1, Introduction Page" and on the "Claim for Unemployment Benefits UI-3, Introduction Page."

14.     To receive unemployment benefits, an applicant must submit the RRB Form UI-3, "Claim for Unemployment Benefits," every fourteen days, each claim period is two weeks.

15.     For the unemployment insurance claim period beginning April 4, 2020, through the unemployment insurance claim period beginning June 8, 2021, Davis electronically submitted 32 fraudulent UI-3 claim forms to the RRB through the U.S. RRB Benefit Online Services. On each of the claims Davis submitted, he certified that he had not received any other benefits.

16.     Davis further acknowledged: "I understand that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or for withholding information to get benefits.  I understand and agree to the requirements set forth in Booklet UB-10."

17.     Davis collected unemployment benefits from the State of Illinois while he was receiving unemployment benefits from the RRB from April 4, 2020, through June 8, 2021.

18. Davis knew he was receiving benefits from the RRB, yet he applied for and continued to receive unemployment benefits from the State of Illinois.

19. In seeking and receiving unemployment insurance benefits from the RRB, Davis concealed material facts, to wit, receiving unemployment benefits from the State of Illinois, when he knew or should have known that this information was material to the RRB.

20. But for Davis's false statements and claims, he would not have received unemployment insurance benefits for the claim period beginning April 4, 2020, through the unemployment insurance claim period beginning June 8, 2021.

21. But for Davis's false statements and claims, he would not have received benefits under the CARES Act for the registration periods beginning April 14, 2020, July 21, 2020, April 27, 2021, and May 11, 2021.

22. As a result of Davis's actions, the United States has been damaged in the principal amount of $32,174.72.

## Count I
## False Claims Act – False Claims

23. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 22 as if set forth fully herein.

24. By virtue of the acts described above, in 2019 through 2021, Davis knowingly presented, or caused to present, false or fraudulent claims for payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

25. As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

4

26. The United States paid the false or fraudulent claims because of the acts of Davis and, as a result, the United States has incurred actual damages in the amount of $32,174.72 exclusive of interest and costs.

27. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, Davis may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act for a civil penalty of not less than $14,308 and not more than $28,619 for each of the false or fraudulent claims herein, plus three times the amount of damages that the United States has sustained because of Davis's action.

## Count II
## Payment by Mistake

28. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 27 as if set forth fully herein.

29. The United States made payments on the claims submitted by Davis under the erroneous belief that the claims for payment were based upon representations that were factually accurate and that represented actual dates of unemployment.

30. The United States' erroneous belief was material to the payments made by the United States to Davis.

31. Because of these mistakes of fact, Davis received monies to which he is not entitled.

32. By reason of the overpayments described above, the United States is entitled to damages in the amount of at least $32,174.72.

## Count III
## Unjust Enrichment

33. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 32 as if set forth fully herein.

34. Because of Davis's conduct, he has been unjustly enriched with federal monies that in good conscience he should not be allowed to retain.

35. Davis has been unjustly enriched to the detriment of the United States in the amount of $32,174.72.

**Prayer For Relief**

WHEREFORE, the United States demands judgment against Eugene Davis as follows:

(a) on Count I (False Claims), for treble the United States' single damages of $32,174.72 plus civil monetary penalties as set forth in the False Claims Act;

(b) on Count II (Payment by Mistake), for single damages, pre-and post-judgment interest, and any such further relief as the court deems appropriate; and

(c) on Count III (Unjust Enrichment), for single damages, pre-and post-judgment interest, and any such further relief as the court deems appropriate.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ Julia D. Loper
    JULIA D. LOPER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351
    julia.loper@usdoj.gov